## RAILWAY COMPANIES OWNING LEASED LINES NOT LIABLE FOR THE WILLIS LAW TAX.

Circuit Court for Cuyahoga County.

THE CLEVELAND & PITTSBURGH RAILROAD COMPANY v. STATE OF OHIO.*

Decided, December 24, 1913.

*Taxation—Application of the Excise Tax Provisions to Railway Companies Whose Lines are being Operated Under Lease—Construction of the Willis Law—Sections 5485 et seq.*

A steam railroad corporation which has leased its entire line and equipment and is not operating within the state of Ohio, is not required to pay an assessment under the Willis law upon its issued and outstanding capital stock.

---

*Motion for order to direct the Court of Appeals to certify its record overruled by the Supreme Court, March 24, 1914, because "it does not appear from the record that error has probably intervened."

*Squire, Sanders & Dempsey, W. O. Henderson* and *Lawrence Maxwell,* for plaintiff in error.

*T. S. Hogan, C. D. Laylin* and *Robert M. Morgan,* contra.

WINCH, J.; MEALS, J., and GRANT, J., concur.

This is an action to reverse a judgment for $85,203.40 recovered by the state against the railroad company for delinquent excise taxes found to be due under the Willis law, so-called, for the years 1902 to 1908, inclusive, being an assessment amounting to one-tenth of one per cent. upon the issued and outstanding capital stock of the railroad company for said years. The railroad company claims the judgment is not authorized by law.

There is no dispute as to the facts of the case, and though the literature of the case is voluminous, it will not be greatly extended by this opinion, for all that is really involved in the case is the true intent and meaning of a statute which seems plain enough upon its face for him who runs to read and understand.

Previous to 1871 the Cleveland & Pittsburgh Railroad Company was a steam railroad corporation duly incorporated under the laws of Ohio and owning and operating a railroad within the state. It was also incorporated under the laws of Pennsylvania and owned and operated a railroad in that state, connected with its Ohio line.

October 25, 1871, the Cleveland & Pittsburgh Railroad Company leased all its property to the Pennsylvania Railroad Company and surrendered possession of all its railroad and all property and equipment connected therewith to the Pennsylvania Railroad Company, the former company retaining its corporate existence, however, for the purpose of collecting its rent under the lease and distributing the same as dividends to its stockholders, with an agreement to pay for extensions, renewals, betterments and increased facilities for its railroad properties, the latter company to operate the road and pay all taxes lawfully assessed against it.

April 14, 1873, all rights under this lease were assigned to the Pennsylvania Company, which has ever since been in possession of the property, operating the same and paying all taxes assessed on the real and personal property of the lessor company.

April 11, 1902, the original Willis act (95 O. L., 124), was passed and Sections 1, 2 and 7 thereof require consideration in this case, as well as Section 7 of the act as amended April 25, 1904 (97 O. L., 381).

These two acts cover the period for which taxes were claimed by the state; there have been amendments to these statutes passed since 1908.

By the first section of the act of 1902, every corporation organized under the laws of this state, for profit, is required to make a report in writing to the Secretary of State, annually, setting forth certain facts, including the nature and kind of business in which the company is engaged and its place or places of business, and to pay a fee of one-tenth of one per cent. upon the subscribed or issued and outstanding capital stock of the corporation.

By the second section of this act, every foreign corporation for profit doing business in this state, and owning or using a part or all of its capital or plant in this state, and subject to certain requirements of other laws, is required to make a report of certain facts to the Secretary of State, annually, and to pay an annual fee, for the purpose of exercising its franchises in Ohio, of one-tenth of one per cent. upon the proportion of the authorized capital stock of the corporation represented by property owned and used and business transacted in Ohio.

Ever since the passage of this act the Pennsylvania Company has made reports to the Auditor of State and has paid an excise tax upon the gross earnings from the operation of the Cleveland & Pittsburgh Railroad within the state of Ohio, as required by the second and fifth sections of the act of March 19, 1896 (92 O. L., 79), sometimes called the Cole act, and the amendments thereof. The Cleveland & Pittsburgh Railroad Company has never filed the annual reports nor paid the taxes required by either the Willis law or the Cole law, claiming that it was not required to do so, because it was not "engaged in business" within the intendment of said laws, and in the claim that it was not required to file annual reports with the Auditor of State, the state has acquiesced and still acquiesces. With the merits of this claim we are not now concerned, as will develop from further

consideration of the case, but an assumption that this claim is correct is necessary to an understanding of the state's contention regarding the meaning of Section 7 of the act of 1902, to which we now come.

The Legislature having provided by other laws for the payment of excise taxes by certain corporations, Section 7 of the Willis act exempts them from the payment of a franchise tax or fee under its own provisions in the following language (quoting only so much as is applicable to this case) :

"Provided that electric light, gas, natural gas, water works, pipe line, street railroad, electric interurban railroad, *steam railroad,* messenger, union depot, express, freight line, sleeping car, telegraph, telephone and other corporations, required by law to file annual reports with the auditor of state,   *   *   * shall not be subject to the provisions of the preceding sections of this act."

The amendment of 1904 (97 O. L., 381) makes no change in this language except to insert the words "public service," between the words "other" and "corporations" so as to read "other public service corporations" instead of "other corporations."

We apprehend this amendment is not important in a discussion of this case and confine our attention to a consideration of the meaning of the section as originally enacted.

The contention of the state, to quote from the brief of the Attorney-General and his associate counsel is:

"That Section 7 does not except the plaintiff in error company because, though it is chartered as a railroad company corporation, it is not an operating company, and was not required during the years in question to file a report with the auditor of state and pay a tax under the Cole law, so-called; and that the mention of steam railroad in Section 7 means a steam railroad corporation which in addition to owning its property, is also the operator thereof."

It would seem that the Legislature, if it had intended what the law officer of the state now contends for, would have said so.   It could have said so by using the following simple language:

"Provided that all corporations (or all public service corporations) required by law to file annual reports with the auditor of state, shall not be subject to the provisions of the preceding sections of this act."

Instead of using this simple language it enumerated some fifteen kinds of corporations, and then said "and other corporations, required by law to file annual reports with the Auditor of State," shall not be required to comply with the act.

Clearly the intention was to exempt steam railroad corporations, and the other fourteen mentioned corporations, from the operation of the act, and also to exempt therefrom such other corporations, if any, then existing, or which might thereafter be authorized by law, and which might be required by law to file annual reports with the Auditor of State.

The use of the words "other corporations required," etc., was to complete the enumeration of exempt corporations and not, as claimed by the state, to limit and qualify the enumeration already made.

At least two good reasons appear for this conclusion: there was then in existence at least one kind of corporation (equipment company) not enumerated, which was required to file annual reports with the Auditor of State, and other like companies might afterwards be authorized by law, in which event Section 7 of the Willis act, with its enumeration of exempt companies, but without the general words, "other companies," etc., would have to be amended every time such new companies might be authorized.

We think the Legislature meant something by its enumeration of exempt companies in Section 7, and that the courts are not at liberty to disregard this enumeration and rewrite the statute as suggested by the Attorney-General. That is for the Legislature to do and it is significant that the Legislature has not done it, though more than ten years have elapsed and subsequent legislation has wholly revampt the laws upon the subject here involved.

We conclude that the statute is unambiguous and plain, requiring nothing to be added to or taken from its words so that

it may be understood and applied by the taxing officers of the state, and that by its plain terms the Cleveland & Pittsburgh Railroad Company, being a steam railroad corporation, is exempt from the provisions of the Willis act.

This conclusion makes it unnecessary to examine other statutes claimed to be *in pari materia,* or to go beyond the words of Section 7 itself, to determine the *intention* of the Legislature in enacting said section.   The section intends what it says.

For the same reason it becomes unnecessary to consider the. very interesting question submitted by the railroad company as to the effect of the judgment of the court below, which allowed the claims of the state, resulting, as clearly pointed out in briefs of counsel, in double taxation of one business, for the lessee company pays the Cole tax on the gross business done on this railroad and pays it for the lessor company.

The leasing of railroads by Ohio railroad corporations is favored by our statutes, but to make the giving of such a lease require the payment of additional taxes to the state, would penalize and so prohibit such leasing.

For the reasons stated, because the plain words of the statute require it, the judgment is reversed, and there being no dispute as to the facts of the case, judgment is rendered for the plaintiff in error.